[No. 5211.]
[No. 2823 C. A.]

HAWKEY v. KETCHUM.

1.  **Animals—Agistor—Liability for Loss.**

The failure of an agistor to exercise ordinary care in maintaining reasonably good fences to keep the stock in, renders him liable for the value of animals thereby becoming lost to the owner.—P. 354.

2.  **Appellate Practice—Judgments—Based Upon Conflicting Evidence—Not Disturbed On Appeal.**

The judgment of a trial court based upon conflicting evidence will not be disturbed on appeal.—P. 354.

*Appeal from the County Court of Rio Grande County.*

*Hon. Alden Bassett, Judge.*

Action by Walter Ketchum against Elizabeth Hawkey. From a judgment for plaintiff, defendant appeals.        *Affirmed.*

Mr. JAMES P. VEERKAMP, for appellant.

Mr. CHARLES M. CORLETT, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Plaintiff below sued to recover the value of two horses placed in the pasture of defendant as an agistor.

The rule of law which defines the duty of an agistor is thus stated in 2 Am. & Eng. Enc. Law (2d ed.) 7:

"Failure to exercise ordinary care in maintaining reasonably good fences to keep the stock in, would render the agistor liable for the immediate damage occasioned by the escape of the stock."

Plaintiff went to the ranch of defendant for the purpose of getting his horses, paid the pasturage bill to defendant and was told to go to the pasture and take his horses. After diligent search the plaintiff could not find his horses and they were never returned to him.

The pasture was enclosed with a wire fence. The condition of this fence determined the liability of defendant in this case.

There was testimony to the effect that the fence was out of repair and in one place down.

The only issue presented to the trial court—the condition of the fence—having been decided by the court in favor of plaintiff upon conflicting evidence, under the well-settled rule of this court, the judgment cannot be disturbed.        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL concurring.